O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK LEE JACKSON, | ) | CASE NO. CV 04-08017 RSWL (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| MICHAEL BARNES, et al., | ) | |
| Defendants. | ) | |

The Court will dismiss the Second Amended Complaint with leave to amend. As further explained below, dismissal is warranted because the complaint (1) improperly groups multiple claims for relief under a single heading; (2) provides no "short and plain" statement showing his entitlement to relief and instead fills the complaint with speechifying and argument; and (3) improperly targets the two individual defendants in their official capacity.

## I.

## BACKGROUND

This case has a long history, having been filed in 2004 based on events dating back to 1992. What follows is a synopsis of the key events necessary for evaluating the Second Amended Complaint that Plaintiff recently filed.

Plaintiff Frederick Lee Jackson, a *pro se* state inmate, seeks damages for a violation of his *Miranda* rights related to his 1995 trial for a 1992 murder and rape. He was convicted of both crimes, with a special-circumstance finding that the murder occurred "while [Plaintiff] was engaged in" the rape. Plaintiff's jury had heard evidence of then-Ventura County Sheriff's Sergeant **Robert Barnes**'s un-*Mirandized* interview of Plaintiff, who was already in prison for an unrelated parole violation, in December 1993. *See generally Jackson v. Barnes*, 749 F.3d 755, 758-59 (9th Cir. 2014) (*Jackson II*) (summarizing background in appeal of summary judgment in this case). In that interview, Plaintiff admitted that he "just happened to be there" when the murder occurred. He thereby unwittingly contradicted his alibi defense, which the jury also had heard, and corroborated the state's-evidence testimony of one of Plaintiff's companions at the time of the rape. In March of 2004 the Ninth Circuit upheld one of Plaintiff's habeas corpus claims, namely that the admission of the Barnes interview evidence was non-harmless *Miranda* error. The appellate court directed that Plaintiff must be either retried or released from the 1995 murder sentence. Plaintiff's rape conviction was left undisturbed. *See generally Jackson v. Giurbino*, 364 F.3d 1002 (9th Cir. 2004) (*Jackson I*).

Plaintiff filed this civil rights action thereafter, in September of 2004. In the First Amended Complaint, he asserted three claims for relief, all based on alleged violations of his Fifth and Fourteenth Amendment rights arising from now-retired Sergeant Barnes's interrogation of him without renewed *Miranda* warnings. In addition to Barnes, whom Plaintiff sued in his official and individual capacities, the First Amended Complaint targeted the **Ventura County Sheriff's Department (VCSD)**, the **Ventura County District Attorney's Office (VCDA)** and the prosecutor in the 1995 trial, **Patricia Murphy**. His claims in the First Amended Petition were as follows:

Claim 1: Against **Barnes** for the interview itself, in violation of Plaintiff's Fifth Amendment rights as set forth in *Miranda*.

Claim 2: Against **Murphy** and the **VCDA**, and perhaps **Barnes,** for conspiring maliciously to prosecute Plaintiff with what he alleges was "a weak case."

1   Claim 3:   Against the **VCSD** for having a "policy of inaction" permitting Barnes
2              routinely to conduct un-*Mirandized* interviews such as the one with Plaintiff
3              on December 28, 1993.

While this civil rights action was pending, Plaintiff was retried in 2005. ("[A]t the time of Jackson's first conviction," the Ninth Circuit explained, Plaintiff "had already begun to serve 29 years for various unrelated convictions. His earliest release date for those convictions, along with the rape conviction on which this Court denied relief, was in 2007, two years after Jackson was convicted for the second time." *Jackson II*, 749 F.3d at 762.) The new jury, having heard no evidence of the tainted interview, nevertheless re-convicted Plaintiff of murder but this time rejected the special circumstance.

This Court granted summary judgment for Defendants in 2009.

In 2014, the Court of Appeals reversed and remanded, except as to the county district attorney's office, which, the Ninth Circuit agreed, enjoyed Eleventh Amendment immunity as an arm of the state. The appellate court ended its opinion as follows:

> In conclusion, we reverse the district court's rulings with respect to all three of Jackson's claims in whole or in part. Regarding Jackson's claim that Barnes violated his Fifth Amendment rights by interrogating him without giving him the requisite *Miranda* warnings, we hold that the claim is neither *Heck*-barred nor time-barred and that Jackson may be able to show that he is entitled to damages, if only nominal; we therefore reverse the district court's grant of summary judgment to Barnes. As to Jackson's claim that the Ventura County Sheriff's Department violated his Fifth Amendment rights by failing to supervise Barnes, we reverse the district court's judgment on the pleadings for the Sheriff's Department because Jackson has sufficiently pleaded a "policy of inaction" for which the Sheriff's Department, as a county actor, is subject to suit under § 1983. Finally, we affirm the district court's dismissal of Jackson's claim against the District Attorney's Office, but instruct it to

grant Jackson leave to amend his complaint to state a claim against Murphy [for acting as an investigator rather than as a prosecutor].

749 F.3d at 767.

On September 15, 2014, after receiving the Mandate, this Court issued an order [ECF 110] stating, among other things, "In keeping with the final sentence of the underlying Ninth Circuit opinion, the Court GRANTS Petitioner leave to file a Second Amended Complaint so as to advance a prosecutorial misconduct claim against then-District Attorney Patricia Murphy." (Because Petitioner was represented by appointed counsel on appeal but had been *pro se* in this Court, the Court directed that the September 15 order be served on Petitioner's appellate attorney and on Petitioner himself.) Eight weeks later, Petitioner still had not filed a Second Amended Complaint. Accordingly, on November 12, the Court issued an order [ECF 112] pointing out Petitioner's failure and stating that the action would proceed on the remanded claims in the still-operative First Amended Complaint. A month later on December 15, Petitioner objected to that ruling, noting that the September 15 leave-to-amend order did not set any specific deadline for filing his Second Amended Complaint. (Throughout this time, Petitioner did not lodge or otherwise present any proposed Second Amended Complaint.) On January 29, 2015, the Court gave Petitioner a renewed opportunity to amend within 30 days. Plaintiff filed his Second Amended Complaint on February 25, 2015.

## II.

## THE COURT MUST SCREEN *IN FORMA PAUPERIS* FILINGS

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A *pro se* plaintiff's civil rights complaint must be construed liberally, and the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). A dismissal with leave to amend is a non-dispositive matter within the purview of a Magistrate Judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.
## THE COMPLAINT FAILS TO SET OUT ITS CLAIMS SEPARATELY

Even in *pro se* cases, plaintiffs must state their various claims in separate counts, each identifying a discrete alleged violation of the Constitution. *See Bautista v. Los Angeles County*, 216 F.3d 837, 839-40 (9th Cir. 2000). Separating the complaint into discrete, readily-identifiable claims, with separate counts within each claim, serves the purpose of clarity:

> Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Id*. at 840-41 (*quoting Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996)) (*citing* FED. R. CIV. P. 10(b) *and* JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, § 10.03[2][a] (3d ed. 1997)).

Here, Plaintiff has folded his multiple claims into a single multi-headed claim targeting all Defendants and asserting every legal basis asserted in the prior version of the complaint, namely the Fourth, Fifth and Fifteenth Amendments. This is not appropriate,

as the above-cited authorities make clear. In any amended complaint, Plaintiff must ensure that each claim asserts –

(1) a *single* civil right, not two or more, that defendant(s) allegedly violated, *e.g.*, *Miranda* rights during custodial interrogation; and

(2) *as to each claim,* the specific events and other facts that give rise to, and that make out a prima facie case of, *that specific claim.* Plaintiff must take care not to simply blame "Defendants" and instead must specify which subset of the defendants he targets in each claim.

## IV.

### THE COMPLAINT IS FILLED WITH SPEECHIFYING AND ARGUMENT

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943)). To comply with the Rule, a plaintiff must plead a short and plain statement of the elements of his or her claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case," which elements, of course, will vary depending on the species of claim being asserted. *See Bautista*, 216 F.3d at 840.

Here, the complaint is not particularly long, but it is far from "plain." In part this is due to the flaw noted above, namely the combining of three or more legal claims into a single claim. Another reason is that Plaintiff, instead of alleging the basic facts of his claims, writes as if he were making a closing argument to jurors who already had heard all about his case. He thus improperly omits some factual allegations while improperly including speeches. He devotes several paragraphs to logistical details about his interview at prison with visiting Deputy Barnes, how Plaintiff had no choice but to attend that

interview, and so forth. Second Am. Comp. at form page 5 and hand-numbered page 1. (These pages are consecutive. Plaintiff did not number his hand-written pages so as to begin where the form-numbered pages left off and instead began anew at 1.) A few pages later Plaintiff holds forth on "The Motive For The Conspiracy" and, a few further pages later still, on why the affirmative defense of qualified immunity should not apply. Second Am. Comp. at hand-numbered pp. 4, 7. Near the end of his speech, Plaintiff calls Murphy "a 'foul and dirty' prosecutor 'who did all she could to unlawfully convict Plaintiff.'" *Id*. at 8 (emphasis and internal quotations in original). The Court refers Plaintiff to the following admonitions of the late Circuit Judge Arthur Alarcón:

> If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.
>
> . . .
>
> Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.
> **Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.** *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).
>
> A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his

complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted).

**The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes.** *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

*Clayburn v. Schirmer*, No. CIV S 06-2182 ALA P, 2008 WL 564958, slip op. at 3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (**emphasis in bold added**).

What is a "short and plain" statement of a claim? The Ninth Circuit in *McHenry,* one of the cases cited by Circuit Judge Alarcón above, illustrated this by quoting from an official federal form, one for negligence, as follows:

The complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:

    1.    [Allegation of jurisdiction.]
    2.    On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

- 8 -

> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
> Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

FED. R. CIV.P. Form 9. This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and understood in minutes.

*McHenry*, 84 F.3d at 1177. "By contrast," the *McHenry* court lamented, "the complaint in the case at bar is argumentative, prolix, replete with redundancy and largely irrelevant. It consists largely of immaterial background information." *Id*. Plaintiff should bear Judge Alarcón's admonitions in mind in preparing a further amended complaint.

## V.

## THE COMPLAINT IMPROPERLY TARGETS
## MURPHY AND BARNES IN THEIR OFFICIAL CAPACITY

Plaintiff sues Barnes and Murphy not only in their individual capacities, as the Ninth Circuit allowed, but also in their official capacity, which is tantamount to suing those defendants' employers. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dept. of Social Services*, 436 U.S. 692-95 (1978). That is improper. As to Barnes, it is improper because Plaintiff already is suing Barnes's then-employer, the VCSD, for its alleged policy allowing un-*Mirandized* interrogations. Suing Barnes in his official capacity thus is redundant. *Luke v. Abbott*, 954 F. Supp. 202, 203 (C.D. Cal. 1997) (*citing Monell*) (redundant defendant may be dismissed). Suing Murphy in her official capacity is improper because (a) such is tantamount to suing the VCDA, and (b) the Ninth Circuit affirmed the part of this Court's prior Judgment dismissing the VCDA from the action.

# VI.

# CONCLUSION

Based on the foregoing, the Court hereby DISMISSES the Second Amended Complaint, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his Third Amended Complaint, bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the Third Amended Complaint must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The Third Amended Complaint must be complete in itself and must not refer to any prior version of the complaint or presume its readers' familiarity with any of the pertinent facts.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

///
///
///
///
///
///
///

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: March 3, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE