**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FREDERICK LEE JACKSON,

Plaintiff,

v.

MICHAEL BARNES, et al.,

Defendants.

CV 04-08017 RSWL (RZ)

**ORDER re: Plaintiff's Objections to the Magistrate Judge Order Denying Appointment of Counsel and Stay of Proceedings, *construed as* Motion to Disqualify Magistrate Judge and Modify or Set Aside Magistrate Judge Order** [139]

**INTRODUCTION**

Currently before the Court[1] is pro se Plaintiff Frederick Lee Jackson's ("Plaintiff") "Objections to the Magistrate Judge Order Denying Appointment of Counsel and Stay of Proceedings" [139], which the Court construes as a Motion to Disqualify Magistrate Judge

[1] Local Rule 72-5 states that a motion to disqualify a Magistrate Judge pursuant to 28 U.S.C. §§ 144 or 145 "shall be made to the assigned District Judge." Cent. Dist. Cal. Civ. L.R. 72-5.

Ralph Zarefsky pursuant to 28 U.S.C. §§ 455, 144, and to Modify or Set Aside the Magistrate Judge's Order [124] pursuant to Fed. R. Civ. P. 72(a) ("Motion").

The Court, having reviewed all papers submitted and pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS**: The Court **DENIES** Plaintiff's Motion [139].

**BACKGROUND**

A more thorough factual background of this Action is provided in the Ninth Circuit opinion, Jackson v. Barnes, 749 F.3d 755 (9th Cir. 2014), and in Magistrate Judge Zarefsky's February 9, 2015 Order [124]. The facts relevant to this Motion are as follows.

On December 5, 2014, Plaintiff filed a Motion for Appointment of Counsel [115] to assist Plaintiff in the prosecution of this civil Action,[2] which asserts civil rights claims under 42 U.S.C. § 1983 for alleged violations of various constitutional rights primarily related to a Miranda violation. See Pl.'s Second Amend. Compl. 5, ECF No. 132; Jackson v. Barnes, 749 F.3d 755, 758-59 (9th Cir. 2014).

On February 5, 2015, Plaintiff filed a Motion to

[2] Plaintiff initiated this Action in 2004 [1]. In 2009, the Court issued summary judgment against Plaintiff [85, 86]. In August 2014, the Ninth Circuit reversed and remanded [109]. In January 2015, Magistrate Judge Zarefsky granted Plaintiff leave to file a Second Amended Complaint within 30 days [122]. Plaintiff filed a Second Amended Complaint in February 2015 [132]. In March 2015, the Magistrate Judge dismissed Plaintiff's Second Amended Complaint without prejudice, granting Plaintiff 30 days leave to amend [137].

Stay Proceedings Pending Resolution of Petition for a Writ of Mandamus and Numerous Motions Pending [123]. Plaintiff’s motions were set before Magistrate Judge Zarefsky. Dckt. # 110.

On February 9, 2015, Magistrate Judge Zarefsky issued an Order [124] denying without prejudice Plaintiff’s Motion for Appointment of Counsel [115] and denying as moot Plaintiff’s Motion to Stay [123]. Magistrate Judge Zarefsky denied without prejudice Plaintiff’s Motion for Appointment of Counsel because Plaintiff’s case “present[ed] no exceptional circumstances requiring appointment of counsel.” Feb. 9, 2015 Order 1, ECF No. 124. Plaintiff’s Motion to Stay was denied as moot because the petition for writ of mandamus for which Plaintiff requested a stay had become moot in light of the Court’s January 29, 2015 Order [122] granting Plaintiff leave to file a Second Amended Complaint. Id.

On March 11, 2015, Plaintiff filed the instant Motion [139]. Plaintiff requests in his Motion that the Court “‘overrule’” Magistrate Judge Zarefsky’s February 9, 2014 Order [124] and that “another Magistrate Judge be assigned to conduct pre-trial proceedings” because the “current Magistrate Judge is ‘highly bias[ed].’” Pl.’s Objections to the Magistrate Judge Order (“Mot.”) 1:21-2:18, ECF No. 139.

Plaintiff asserts that Magistrate Judge Zarefsky is

"'highly bias[ed]'" for the following reasons: the Magistrate Judge (2) "will adopt and agree with absolutely any frivolous position that the defendants make against plaintiff," (2) is "incompetent" for refusing to stay the proceedings even though Plaintiff gave the Court and defendants notice that a Petition for Writ of Mandamus had been filed, and (3) has a "personal relationship" with the Ventura County District Attorney's Office. Id. at 1:21-2:15.

## LEGAL STANDARD

### A. Rule 72(a)

Rule 72(a) of the Federal Rules of Civil Procedure states that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, . . . a party may serve and file objections to the order within 14 days after being served with a copy," and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see Waters v. Hollywood Tow Serv., Inc., No. CV 07-7568 CAS (AJWx), 2009 WL 1916606, at *3 (C.D. Cal. June 30, 2009).

### B. 28 U.S.C. §§ 455, 144

Federal law requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality

might reasonably be questioned." 28 U.S.C. § 455(a). Relatedly, 28 U.S.C. § 144 states that if a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Because Plaintiff is pro se, the Court will consider Plaintiff's Motion under both Sections 455 and 144. See Navarrete v. Sheriff's Dep't of City of Monterey Park, No. 2:14–cv–01179–GAF (Ex), 2014 WL 2608068, at *1 (C.D. Cal. June 10, 2014). The substantive standard for disqualification under Sections 455 and 144 is the same. United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997); Muhammad v. Rubia, No. C 08–3209 MMC (PR), 2009 WL 281947, at *1 (N.D. Cal. Feb. 5, 2009).

When analyzing a motion for disqualification, the Ninth Circuit asks "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Holland, 519 F.3d 909, 913 (2008). In other words, disqualification is appropriate if a reasonable person[3] "perceives a significant risk that the judge will resolve the case on a basis other than

[3] The "reasonable person" is not a "'hypersensitive or unduly suspicious'" person, but, rather, a "'well-informed, thoughtful observer.'" Holland, 519 F.3d at 913.

the merits.'" Id. Mere unsubstantiated claims of bias or prejudice do not support disqualification under Section 455. See id.

Section 455(a) disqualification is "fact-driven" and should be determined "by an independent examination of the unique facts and circumstances of the particular [disqualification] claim at issue." Id. Additionally, Section 455(a) "is limited by the 'extrajudicial source' factor[,] which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." Id. at 913-14 (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994)). A mere adverse ruling will not, on its own, compel disqualification under Section 455. Azam v. Bank of Am., N.A., No. SA CV 12–1732–JLS (MLGx), 2014 WL 2803961, at *2 (C.D. Cal. June 19, 2014); see also Liteky, 510 U.S. at 555.

## ANALYSIS

### A. Rule 72(a)

Rule 72(a) requires a party seeking to modify or set aside a Magistrate Judge's non-dispositive order to file an objection to the order "within 14 days after being served with a copy" of the challenged order. Fed. R. Civ. P. 72(a). Here, Plaintiff does not indicate when he was served with a copy of the Order [124], and thus the Court cannot determine if

Plaintiff's Motion, filed on March 11, 2015, was timely under Rule 72(a). But even if Plaintiff's Motion was timely, the Court **DENIES** Plaintiff's request to "overrule" Magistrate Judge Zarefsky's Order [124] because the Order [124] is not "clearly erroneous or contrary to law."[4] Fed. R. Civ. P. 72(a).

**B. 28 U.S.C. §§ 455, 144**

Plaintiff's Motion asserts that Magistrate Judge Zarefsky is "'highly bias[ed].'" Mot. 1:21-2:15. One way a judge's "impartiality might reasonably be questioned" is if the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[5] 28 U.S.C. § 455(b)(1). A judge's ruling that is adverse to the movant "almost never constitute[s] a valid basis for bias" unless the judge's order shows a "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; see also id. (noting that mere adverse judicial rulings are "proper grounds for appeal, not for recusal").

Here, Plaintiff's assertion of bias is based, in

---

[4] Plaintiff's request to "overrule" Magistrate Judge Zarefsky's denial of Plaintiff's Motion to Stay "Pending Resolution of Petition for Writ of Mandamus" is also moot because the Ninth Circuit denied [135] Plaintiff's Petition for Writ of Mandamus on February 27, 2015. See Mot. 1-2.

[5] United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980) ("[W]e have ruled that section (b)(1) simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a).").

part, on Magistrate Judge Zarefsky's prior rulings adverse to Plaintiff. See Mot. 1:21-2:15 (claiming Magistrate Judge Zarefsky is biased because he "will adopt and agree with absolutely any frivolous position that the defendants make against plaintiff" and because Magistrate Judge Zarefsky refused to grant Plaintiff's Motion to Stay). Plaintiff's disagreement with such rulings is not sufficient to show that a "reasonable person with knowledge of all the facts would conclude" that Magistrate Judge Zarefsky's "impartiality might reasonably be questioned." Robinson v. Pfingst, No. 10CV1703 WQH (JMA), 2011 WL 1212237, at *1 (S.D. Cal. Mar. 30, 2011). Further, Plaintiff has not provided any evidence that Magistrate Judge Zarefsky's rulings involved bias, favoritism, or antagonism "that would make fair judgment impossible." Liteky, 510 U.S. at 555; see Mot. 1:21-2:15.

Plaintiff also asserts that Magistrate Judge Zarefsky is biased because he has a "personal relationship" with the Ventura County District Attorney's Office. Id. at 1:21-2:15. Plaintiff does not provide any further explanation or evidence regarding the alleged "personal relationship" or how it impacts Magistrate Judge Zarefsky's rulings. A mere "personal relationship" with the Ventura County District Attorney's Office does not, on its own, mandate recusal. See, e.g., Arnell v. McAdam, No.

07cv0743-LAB (RBB), 2007 WL 2021826, at *1-*2 (S.D. Cal. July 10, 2007).[6]

Because Plaintiff's allegations would not cause a reasonable person to reasonably question Magistrate Judge Zarefsky's impartiality or perceive a "significant risk that the judge will resolve the case on a basis other than the merits," the Court **DENIES** Plaintiff's request to disqualify Magistrate Judge Zarefsky. Holland, 519 F.3d at 913.

**CONCLUSION**

Based on the foregoing analysis, Plaintiff's Motion [139] is **HEREBY DENIED**.

**IT IS SO ORDERED.**

DATED: March 17, 2015

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

[6] Cf. Miles v. Ryan, 697 F.3d 1090, 1091 (9th Cir. 2012).